IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Paul Rochan, | ) | |
|    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | No.   13 C 6134 |
| Cavalry SPV I, LLC, a Delaware limited liability company, Cavalry Portfolio Services, LLC, a Delaware limited liability company, and Credit Control, LLC, a Missouri limited liability company, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
|    Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Paul Rochan, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

## PARTIES

3. Plaintiff, Paul Rochan ("Rochan"), is a citizen of the State of Louisiana, from whom Defendants attempted to collect a delinquent consumer debt that he allegedly owed for a Direct Merchants/HSBC account ("HSBC"), despite the fact that he

was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

    4.    Defendant, Cavalry SPV I, LLC ("Cavalry"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Cavalry operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Cavalry was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

    5.    Defendant Cavalry is a bad debt buyer that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect directly, or through other debt collectors, including its sister company, Cavalry Portfolio Services.

    6.    Defendant, Cavalry Portfolio Services, LLC ("CPS"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. CPS operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant CPS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendant, Credit Control, LLC ("Credit Control"), is a Missouri limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Credit Control operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Credit Control was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

8. Defendants Cavalry, CPS and Credit Control are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State attached as Group Exhibit A. In fact, all Defendants conduct extensive and substantial business in Illinois.

9. Defendants Cavalry, CPS and Credit Control are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation attached as Group Exhibit B. In fact, all Defendants act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

10. Mr. Rochan is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed for an HSBC account. At some point in time after that debt became delinquent, Defendant Cavalry allegedly bought/obtained Mr. Rochan's debt, and when Defendant Cavalry began trying to collect this debt from him, by having Defendant CPS send him collection letters, dated September 7, 2012 and November 16, 2012, he sought the assistance of

3

the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions. Copies of these collection letters are attached as Group Exhibit C.

11. In Defendants', Cavalry's and CPS's, September 7, 2012, letter to Mr. Rochan they stated that Cavalry SPV I was the current owner of the HSBC debt at issue in their collection actions, see Group Exhibit C.

12. On November 27, 2012, one of Mr. Rochan's attorneys at LASPD informed Defendant, that Mr. Rochan was represented by counsel, and directed Defendants to cease contacting him, and to cease all further collection activities because Mr. Rochan was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

13. Nonetheless, Defendants Cavalry and CPS then had Defendant Credit Control send Mr. Rochan a collection letter, dated June 10, 2013, demanding payment of the HSBC debt. A copy of this collection letter is attached as Exhibit E. However, in this letter the Defendants wrongly stated that the "Current Creditor" was "Cavalry Portfolio Service", when, in fact, Cavalry SPV I was the current creditor and not Defendant CPS.

14. Accordingly, on July 19, 2013, Mr. Rochan's LASPD attorney had to send a letter that again directed Defendants to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

15. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letter from Mr. Rochan's agent/attorney, LASPD, told Defendants to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can

5

readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

23. Defendants knew, or readily could have known, that Mr. Rochan was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendants, in writing, that Mr. Rochan was represented by counsel, and had directed a cessation of communications with Mr. Rochan (Exhibit D).  By sending a collection letter to Mr. Rochan (Exhibit E), despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692g(a)(2)
### Failure To Identify Effectively The Current Creditor

25. Plaintiff adopts and realleges ¶¶ 1-16.

26. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide the consumer with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

27. Defendants' June 10, 2013 letter to Plaintiff failed to state the name of the current creditor effectively because nowhere in Defendants letter did it state that Cavalry SPV I was the current creditor (Exhibit E).  Thus, Defendants have failed to state effectively the name of the creditor to whom the debt is owed, in violation of § 1692g(a)(2) of the FDCPA.

28. Defendants' violation of § 1692g of the FDCPA renders them liable for

statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT IV
### Violation Of § 1692e Of The FDCPA -- Making A False Statement Of The Name Of Creditor

29.	Plaintiff adopts and realleges ¶¶ 1-16.

30.	Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt.  See, 15 U.S.C. § 1692e.

31.	Defendants, by falsely stating, in their form collection letter, that the current creditor was "Cavalry Portfolio Services", when, in fact, the current creditor was Cavalry SPV I, made a false, deceptive or misleading statement in connection with the collection of a debt, in violation of § 1692e of the FDCPA.

32.	Defendants' violation of § 1692e of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Paul Rochon, prays that this Court:

1.	Find that Defendant's debt collection actions violated the FDCPA;

2.	Enter judgment in favor of Plaintiff Rochon, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.	Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Paul Rochon, demands trial by jury.

        Paul Rochon,

        By: /s/ David J. Philipps
        One of Plaintiff's Attorneys

Dated: August 28, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com